## No. 11,724.

### MAHER *v.* WIESMAN.

/Decided September 19, 1927.   Rehearing denied October 24, 1927.

Action for damages for breach of contract.   Judgment for plaintiff.

#### *Affirmed.*

1.   SALES—*Title.*  In an action for breach of contract, plaintiff held, under the facts, to be entitled to damages for defendant's refusal to perform contract to purchase coal yard lease and scales, notwithstanding plaintiff had not perfected title to the scales.

2.   EVIDENCE—*Contract.*  Evidence of oral understanding relative to contract for purchase of coal yard lease and scales, held not erroneously admitted where it did .not vary, but conformed to the written contract.

3.   CONTRACT—*Lease—Breach.*  Where a seller of coal yard lease and scales could not perform his contract to assign the lease because lessor would not consent thereto, but buyer agreed to take a new lease, which lessor would give, it is held that the buyer was liable for refusal to perform his part of the contract.

##### *On Rehearing.*

4.   DAMAGES—*Measure—Breach of Contract.*  In an action for breach of contract to purchase coal yard lease and scales, measure of damages for breach, held to be the unpaid balance of the purchase price, less amount due on purchase price of the scales, plus loss of the lease.

*Error to the County Court of the City and County of Denver, Hon. George W. Dunn, Judge.*

Mr. LOWELL WHITE, Mr. B. C. HILLIARD, JR., for plaintiff in error.

Mr. CHARLES ROSENBAUM, for defendant in error.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

WIESMAN sued and had judgment against Maher before justice of the peace, and, on appeal, upon trial to the court, had judgment again. Maher brings error. The judgment must be affirmed.

The action was for damages for breach of the following contract:

"This agreement, made and entered into this sixth day of October, A. D. 1924, by and between Jerome Wiesman, hereinafter known as the party of the first part, and J. P. Maher and John J. Garberson, hereinafter known as the parties of the second part, Witnesseth: The party of the first part having a lease from the Colorado & Southern Railroad Company, on a coal yard located at 5th and Larimer Sts., Denver, Colorado, also a scale for weighing coal located in the above mentioned coal yard, and is desirous to sell the scale and transfer the lease to the parties of the second part; and parties of the second part are desirous of buying the said scale and get said lease transferred to them. Therefore, the party of the first part agrees to sell the scale and transfer the lease to the parties of the second part for the sum of one thousand ($1,000.00) dollars cash. The party of the first part further agrees to clear the yard of any and all incumbrances.

In witness whereof the parties hereto have set their hands and seals on the day first above mentioned.

Jerome Wiesman (Seal)
J. P. Maher         (Seal)
Jno. J. Garberson (Seal)."

Garberson is not concerned with the present questions. Maher counterclaimed for the cash he paid (see below) on the ground that the consideration failed, but no fraud is alleged. Maher paid $325 on the purchase price, took possession of the coal yard and scales under the contract and retained them for about three months. He then abandoned them without notice to Wiesman and refused to pay the balance of the purchase price. In

order to sue before the justice the plaintiff waived his claim in excess of three hundred dollars.

Defendant claims he is not liable for the balance of the purchase price because plaintiff had no title to the scales. The fact was that plaintiff had bought them on monthly payments and part was unpaid and by the contract of purchase the title remained in the vendor till full payment. It is conceded, however, that one may sell what he does not own and the sale was therefore lawful; plaintiff delivered possession and was ready and willing upon payment to perfect the title; defendant would therefore have received a good title upon payment which is all he could ask. If perfection of title was a condition of payment it was concurrent, not precedent, and plaintiff was under no obligation to perfect the title while defendant was unready or unwilling to pay, which there is evidence to show he was.

The court admitted evidence of an understanding between the parties that plaintiff should discharge the balance due on the scales out of the balance due from defendant. The claim is made that this evidence was a variation of the written agreement; if, however, the production of a good title was a concurrent condition it does not vary but conforms to it.

The defendant claims that he is not liable for the balance of the purchase price because the plaintiff did not furnish a valid assignment of the lease, since it required the lessor's consent which that person was unwilling to give; but the evidence is that after defendant took possession he agreed with plaintiff to take a new lease instead of the assignment; that the lessor was willing to give it and plaintiff repeatedly urged defendant to take it but he refused.

There was other evidence admitted which defendant claims varied the written contract, but it is enough to say that we think, for reasons similar to those expressed above, that it did not.

Judgment affirmed.

Mr. Chief Justice Burke, Mr. Justice Whitford and Mr. Justice Sheafor concur.

*On Rehearing.*

Mr. Justice Denison.

Plaintiff in error insists that we have in our opinion approved a wrong measure of damages. We think he is right. The measure of damages was what the plaintiff actually lost which was the unpaid balance of the purchase price, $425, less the balance due on his option on the scales, under the evidence not over $130, which equals $295, plus the loss of his lease, which at the nominal figure of five dollars, equals $300, the amount of the judgment.

The motion for rehearing is denied.